IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James W. Garrett; et al., | ) | No. CV 05-004-TUC-FRZ (HCE) |
| Plaintiffs, | ) ) | REPORT & RECOMMENDATION |
| vs. | ) ) | |
| McDonald's Corp.; et. al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

      Pending before the Court in order as filed are: (1) Defendants Schaefer and Zenger's January 11, 2005 Motion to Dismiss the Complaint, or in the alternative, Motion for Summary Judgment (hereinafter "First Motion to Dismiss") (Doc. No. 3); (2) Plaintiffs' January 26, 2005  Motion for Leave to Amend Complaint (Doc. No. 9); (3) Plaintiffs' February 3, 2005 Motion to Remand (Doc. No. 12); (4) Defendants Schaefer and Zenger's February 14, 2005 Motion to Dismiss the Sixth Claim for Relief in the First Amended Complaint, or in the alternative, Motion for Summary Judgment (hereinafter "Second Motion to Dismiss") (Doc. No. 20); (5)  Defendants' April 6, 2005 Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial (Doc. No. 36); and (6) Plaintiffs' July 12, 2005 Motion for Rule 11 Sanctions (Doc. No. 48).  On November 29, 2005, the following Motions came on for oral argument: Defendants Schaefer and Zenger's First and Second Motions to Dismiss; Plaintiffs' Motion for Leave to Amend Complaint; and Plaintiffs' Motion to Remand.

For the following reasons, the Magistrate Judge recommends that the District Court: (1) deny as moot Defendants Schaefer and Zenger's First Motion to Dismiss (Doc. No. 3); (2) grant Plaintiffs' Motion for Leave to Amend Complaint (Doc. No. 9); (3) deny Plaintiffs' Motion to Remand (Doc. No. 12); (4) grant Defendants Schaefer and Zenger's Second Motion to Dismiss to the extent that they seek dismissal of the Sixth Claim in the First Amended Complaint and deny as moot Defendants Schaefer and Zenger's alternative Motion for Summary Judgment (Doc. No. 20); (5) deny Defendants' Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial (Doc. No. 36); and (6) deny Plaintiffs' Motion for Rule 11 Sanctions (Doc. No. 48).

## FACTUAL & PROCEDURAL BACKGROUND

This lawsuit was originally filed in Arizona state court on December 1, 2004, by Plaintiffs James and Bonita Garrett,[1] who are citizens of Arizona. (Notice of Removal, Ex. A) Plaintiffs named the following Defendants: (1) McDonald's Corporation, a Delaware Corporation; (2) Bernie Schaefer, a citizen of Arizona who serves as McDonald's Regional Vice President; and (3) Sarah Zenger, a citizen of Colorado who serves as McDonald's Vice President of Quality, Service and Cleanliness.

On January 4, 2005, Defendants removed this action on the basis of diversity jurisdiction despite the fact that Defendant Schaefer is a citizen of Arizona.[2] Defendants contend that diversity jurisdiction exists because Plaintiffs are unable to state a cause of action against Defendant Schaefer and thus he was fraudulently joined for the purpose of destroying federal jurisdiction.

---

[1]Also named as Plaintiffs are the James W. Garrett Trust and Bonita L. Garrett Trust. The parties do not dispute that the trusts "are citizens of Arizona because they are revocable trusts created pursuant to the law of the State of Arizona, with James W. Garrett and Bonita L. Garrett, respectively being the settlors, initial trustees and living beneficiaries thereof." (Defendants' Notice of Removal, p. 2)

[2]Diversity jurisdiction exists, *inter alia,* where the matter in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1).

Upon removal this matter was initially assigned to Magistrate Judge Nancy F. Fiora. The parties elected to proceed before a District Judge and the matter was reassigned to the Honorable William D. Browning. Later, the case was reassigned to the Honorable Frank R. Zapata who referred the matter to Magistrate Judge Fiora. On July 8, 2005, the case was referred to the undersigned Magistrate Judge in light of Magistrate Judge Fiora's retirement.

<u>Plaintiffs' Complaint Filed in State Court</u>

Plaintiffs' December 1, 2004 Complaint alleged, *inter alia,* that Plaintiffs have owned and operated three McDonald's franchise restaurants in Tucson, Arizona, at the following locations:

> 540 W. Valencia Road (hereinafter the 12th and Valencia franchise), since 1980
> 2990 W. Valencia Road (hereinafter the Cardinal franchise), since 1986
> 5225 S. Palo Verde (hereinafter the Palo Verde franchise), since 1986

(Complaint, ¶23)[3]   The franchise agreements had twenty-year terms with the 12th and Valencia franchise having matured in 2000 and the remaining two franchises maturing in 2006. (Id.)   Plaintiffs' claims arise from McDonald's decisions regarding rewriting the franchise agreements for the three franchises.

In 2000, when the term for the 12th & Valencia franchise matured, McDonald's initially offered to rewrite that franchise for an additional six years, i.e., until 2006, instead of a twenty-year term. (Complaint, ¶¶30-31) Plaintiffs demanded that the agreement include a twenty-year term. (Id. at ¶31) On January 1, 2001, McDonald's satisfied Plaintiffs' demands by rewriting the agreement for a twenty-year term. (Complaint, ¶32) In 2004, McDonald's informed Plaintiffs that it would not rewrite the franchise agreements for the Cardinal and Palo Verde franchises when the agreements matured in 2006. (Complaint, ¶36(i)).

---

[3]Since 1967, Plaintiffs have owned and operated other McDonald's franchises not at issue here. (Complaint, ¶15) By the time Plaintiffs filed the instant action, Plaintiffs owned only the franchises located in Arizona. (Complaint, ¶17)

Plaintiffs allege that McDonald's rewrote the agreement for the 12th and Valencia location with a then present intent not to rewrite the agreements for Plaintiffs' two other franchises when their terms matured in 2006.  Plaintiffs further allege that by declining to rewrite the other franchise agreements, "Plaintiff's 12th and Valencia franchise agreement has been deprived of the shared income and profits realized from  Plaintiffs' Cardinal and the Palo Verde franchised restaurants, the same being necessary to enable the operation, reinvestment and relocation as otherwise announced by McDonald's as necessary for Plaintiffs' continued ownership and successful operation of the 12th and Valencia franchise agreement...."  (Complaint, ¶37)

Plaintiffs also contend that McDonald's planned to profit at Plaintiffs' expense from the refusal to rewrite the franchise agreements (Complaint, ¶36); that prior to May 2004, McDonald's did not disclose its intention not to rewrite the franchise agreements for the Cardinal and Palo Verde locations  (Complaint, ¶47); and that  McDonald's intended  to conceal a 2001 decision not to rewrite the agreements for the two franchises.  (Complaint, ¶¶52, 53)

Plaintiffs allege the following six causes of action:

(1)   First Claim for Relief: Tortious Breach of the Duty of Good Faith and Fair Dealing;
(2)   Second Claim for Relief: Negligent Misrepresentation;
(3)   Third Claim for Relief: Fraud by Concealment/Deceit;
(4)   Fourth Claim for Relief: Fraud by Misrepresentation;
(5)   Fifth Claim for Relief: Breach of Fiduciary Duty/Constructive Fraud; and
(6)   Sixth Claim for Relief: Aiding and Abetting the Commission of a Tort.

The First through Fourth claims are alleged against McDonald's.  At issue in the instant Motions are the Fifth and Sixth Claims.

The Fifth Claim reads in part:  "Plaintiffs for their Fifth Claim for Relief as against Defendants Bernie Schaefer, Sarah Zenger, John Does I-V, Jane Does I-V, Corporations I-V, and Partnerships I-V, state as follows...."  (Complaint, p.17)  Plaintiffs essentially allege that McDonald's owed a fiduciary duty to Plaintiffs and that Defendants conduct as specified in the Complaint breached that duty. (Complaint, ¶¶68-74)   In the demand for judgment,

Plaintiffs "pray for judgment against McDonald's for actual and consequential damages to be proven at time of trial hereof, interest thereon, costs of this action and for such further relief as the Court deems just and proper."  (Complaint, p.18)

The Sixth Claim appears as follows:

Plaintiffs for their Sixth Claim for Relief as against Defendants Bernie Schaefer, Sarah Zenger, John Does I-V, Jane Does I-V, Corporation[s] I-V, and Partnerships I-V, state as follows:

75.   Plaintiffs adopt and restate by reference thereto, paragraphs 1 through and including 78 above as if [sic] fully set forth herein.

76.   Defendants as above named, intentionally performed one or more acts and engaged in conduct intended to and otherwise remove Plaintiffs' franchise agreements with McDonald's at the Cardinal and Palo Verde McDonald's restaurant.

77.   At the time Defendants performed their respective acts and/or engaged in conduct to promote McDonald's purpose(s) as stated above, each such Defendant knew that McDonald's conduct violated and/or constituted a breach of one or more duties owed by McDonald's to Plaintiffs, the same being stated above and/or incorporated herein.

78.   The acts and conduct of each Defendant herein named constituted the means by which McDonald's achieved its wrongful purpose and/or purposes and otherwise violated its duty(ies) to Plaintiff[s] and otherwise encourage[d] McDonald's to act wrongfully as against and breach its duties to Plaintiffs. Defendants knew that each of their respective acts and/or conduct was required to accomplish McDonald's wrongful purposes and resulting in McDonald's tortious acts and conduct against Plaintiffs.

79.   Plaintiffs have sustained actual and consequential damages proximately caused by the acts(s) [sic] and conduct of each named Defendant(s) aiding and abetting McDonald's commission of one or more torts incorporated within one or more Claims for Relief stated by Plaintiffs herein, the amount(s) thereof to be proven at the time of trial.

80.   Defendants knowingly and intentionally breached their duty(ies) to Plaintiffs as set forth above, without regard to Plaintiffs' rights, with malice and with the intent to cause Plaintiffs harm.  By reason thereof, Plaintiffs are entitled to punitive damages in an amount to be established at time of trial.

WHEREFORE, Plaintiffs pray for judgment against McDonald's for actual and consequential damages to be proven at time of trail [sic] hereof, interest thereon, costs of this action and for such further relief as the Court deems just and proper.

(Complaint, pp. 18-19)

On January 11, 2005, Defendants Schaefer and Zenger filed their First Motion to Dismiss arguing, *inter alia*, that Plaintiffs' Complaint fails to state a claim against them.  That Motion addresses Plaintiffs' Fifth and Sixth Claims.

The First Amended Complaint (hereinafter "FAC")

On January 26, 2005, prior to responding to the Defendants' First Motion to Dismiss, Plaintiffs filed a  Motion for Leave to Amend Complaint. The FAC amends the Complaint in three ways.  In paragraph 17, Plaintiffs change the word "Tucson" to "Phoenix."  Of particular relevance to the pending motions, Plaintiffs seek to amend the Fifth Claim by deleting reference to Defendants Schaefer and Zenger and inserting Defendant McDonald's name in their stead. (*compar*e Plaintiffs' Complaint, p.17: "Plaintiffs for their Fifth Claim for Relief as against Defendants Bernie Schaefer, Sarah Zenger..."[4] *with* Plaintiffs' FAC, p.17: "Plaintiffs for their Fifth Claim for Relief as against McDonald's"; *see also* Plaintiffs' Motion for Leave to Amend Complaint, p. 2) Moreover, in  the Sixth Claim, Plaintiffs amend only the demand for judgment to delete Defendant McDonald's and to insert Defendants Schaefer and Zenger as well as Doe defendants. (*compare* Plaintiffs' Complaint, p.19: "Wherefore, Plaintiffs pray for judgment against McDonald's for...." *with* Plaintiffs' FAC, p. 19: "Wherefore Plaintiffs pray for judgment against Bernie Schaefer, Sarah Zenger, John Does I-V, Jane Does I-V....")

**DISCUSSION**

Defendants removed this action from state court on the basis of diversity jurisdiction and Plaintiffs seek remand arguing that diversity jurisdiction does not exist because Defendant Schaefer is an Arizona citizen.   If diversity jurisdiction does not exist, then this Court does not have jurisdiction over this matter.  As set forth below, resolution of the issue of federal jurisdiction necessarily encompasses the arguments raised by Plaintiffs in their Motion to Remand concurrent with the arguments raised in Defendants Schaefer and Zenger's pending First and Second Motions to Dismiss.

---

[4]Defendants also delete Doe defendants from this claim as well.

I.      Plaintiffs' Motion to Remand

A.      Standard

"Removal jurisdiction is statutory and strictly construed."  *Petrop v. Lassen Art Publications, Inc.,* 939 F.Supp. 742, 744 (D. Haw. 1995) (*citing Gould v. Mut. Life Insur. Co. of New York,* 790 F.2d 769, 773 (9th Cir. 1986)).  When, as here, "federal-court jurisdiction is predicated on the parties' diversity of citizenship, *see* [28 U.S.C.] § 1332, removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'"  *Lincoln Property Co. v. Roche,* ___ U.S. ___, 126 S.Ct. 606, (2005) (quoting 28 U.S.C. § 1441(b)).  Plaintiffs have moved to remand this action on the grounds that complete diversity of citizenship between Plaintiffs and Defendants as required by 28 U.S.C. § 1332(a) does not exist because Defendant Schaefer is a citizen of Arizona as are Plaintiffs.  Defendants respond that removal of this action was appropriate because Defendant Schaefer was fraudulently joined.

Although Defendants may remove an action from state court "merely by...filing a verified petition stating the facts which entitle [them] to removal, together with a copy of all process, pleadings and orders served upon [them] in the action,...[t]he provisions of 28 U.S.C. § 1447(c) require the court to remand the case if at any time before final judgment it appears that the case was removed improvidently."  *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979) *overruled on other grounds by Harris v. Provident Life & Accident Insur. Co.,* 26 F.3d 930, 932 (9th Cir. 1994).

Herein, it is the Defendants who bear the burden of establishing that federal jurisdiction exists.  *Harris*, 26 F.3d at 932  ("The burden of establishing federal jurisdiction falls on the party invoking removal.")  Defendants base removal on the concept of fraudulent joinder:

> Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. *Moore's Federal Practice* (1986) ¶ O.161[2]. The defendant seeking removal to the

federal court is entitled to present the facts showing the joinder to be fraudulent. *Smith v. Southern Pacific Co.,* 187 F.2d 397 (9th Cir. 1951).

*McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Lewis v. Time Inc.,* 83 F.R.D. 455, 460 (E.D. Cal. 1979) (fraudulent joinder "does not reflect on the integrity of plaintiff or counsel...but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists."), *aff'd* 710 F.2d 549 (9th Cir. 1983) *overruled on other grounds by Milkovich v. Lorain Journal Co.,* 497 U.S. 1 (1990).

To determine "whether a party has been fraudulently joined, the Court may pierce the pleadings and determine the basis of joinder 'by any means available.'" *Medical Laboratory Management Consultants v. American Broadcasting Co.,* 931 F.Supp. 1487, 1491 (D.Ariz. 1996). (*quoting Lewis,* 83 F.R.D. at 460). Additionally, a fraudulent joinder claim is ordinarily capable of summary determination. *Id.*; *Lewis,* 83 F.R.D. at 460. Indeed, "if the claims against the nondiverse party are capable of summary judgment, the Court cannot remand the case" and must, instead, exercise jurisdiction. *Medical Laboratory Management Consultants,* 931 F.Supp. at 1491. Similarly, if the plaintiff is unable to state a claim against the non-diverse party, then the Court must exercise jurisdiction as well. *Mercado v. Allstate Insur. Co.*, 340 F.3d 824 (9th Cir. 2003); *McCabe,* 811 F.2d at 1339.

B.      Fifth Claim for Relief

Plaintiffs indicated at oral argument that their Fifth Claim did not involve Defendants Schaefer and Zenger and that their inclusion was the result of scrivener's error. (TR. 6; *see also* Plaintiffs' Motion for Leave to Amend Complaint, pp.1-2) Given Plaintiffs' concession, it follows that the Fifth Claim for relief in both the Complaint and FAC do not state a claim against Defendant Schaefer whose name appeared there as a result of scrivener's error. Therefore, Plaintiffs cannot and do not rely on that claim to support their argument for remand.

- 8 -

C.      Sixth Claim for Relief: The Demand for Judgment

Prior to filing their Motion to Remand, Plaintiffs filed a Motion for Leave to Amend Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  According to Plaintiffs, they may amend the Complaint as a matter of right as to Defendants Schaefer and Zenger who have not yet answered the Complaint. Plaintiffs seek leave to amend with regard to Defendant McDonald's only.

In the Sixth Claim, Plaintiffs seek to amend only the demand for judgment to reflect Defendants Schaefer and Zenger and Doe defendants in place of Defendant McDonald's.  But for the change in language in the demand for judgment, the Sixth Claim in both complaints is identical.

Defendants contend that Plaintiffs' Motion to Remand should be decided with reference to the Complaint and not the FAC.  Defendants also argue that Plaintiffs' failure to include Defendants Schaefer and Zenger in the demand for judgment in the Complaint reflects that Plaintiffs never intended to seek judgment against Defendant Schaefer, thus indicating fraudulent joinder.

Defendants are correct that "a joinder is fraudulent if 'there (is) no real intention to get a joint judgment, and...there (is) no colorable ground for so claiming.'" *Lewis,* 83 F.R.D. at 460 (citing *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962)).  Nonetheless, the instant record demonstrates that Plaintiffs intended to seek relief from Defendants Schaefer and Zenger in their Sixth Claim and that they erroneously omitted these Defendants' names from the demand for judgment.  (*See* Plaintiffs' Reply in Support of Motion for Leave to Amend Complaint, p.2 & Ex. A (attorney affidavit explaining scrivener's error); *Lewis,* 83 F.R.D. at 460 ("[t]he court may pierce the pleadings, consider the entire record and determine the basis of joinder by any means available.") Because "doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand," this technical error in Plaintiffs' pleading of their Sixth Claim does not defeat Plaintiffs' Motion to Remand.  *Id.*

- 9 -

D.      Sixth Claim for Relief: Failure to State a Claim

Defendants Schaefer and Zenger challenge Plaintiffs' Sixth Claim for Relief on the basis that Plaintiffs' allegations fail to state a claim against them for aiding and abetting the commission of a tort.[5]   (*See* Defendants' Opposition to Plaintiffs' Motion to Remand; Defendants' First and Second Motions to Dismiss) A claim is subject to dismissal only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir. 1990).  "All allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party..., but conclusory allegations of law and unwarranted inferences are insufficient to defeat" dismissal.  *Adams v. Johnson,* 355 F.3d 1179, 1182 (9th Cir. 2004) (citations omitted).   If Plaintiffs are unable to state a claim against Defendant Schaefer, then diversity jurisdiction exists and remand would be improper.  *See Mercado,* 340 F.3d at 826 (plaintiff failed to state a claim against non-diverse defendant, such defendant was fraudulently joined and therefore diversity jurisdiction existed); *McCabe,* 811 F.2d at 1339 (same).

---

[5]Defendants' First Motion to Dismiss, which addresses Plaintiffs' Complaint, and Defendants' Second Motion to Dismiss, which addresses Plaintiffs' FAC,  raise the same argument regarding whether Plaintiffs' Sixth Claim states a claim. As discussed above, *see supra* p.9, except for the change in language in the demand for judgment, the Sixth Claim in both complaints is identical. Generally, "[t]he sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the [Rule 8(a)(3)] demand for judgment is not considered part of the claim for that purpose, as numerous courts have held."  Charles Alan Wright & Arthur R. Miller, 5 *Federal Practice & Procedure* § 1255 (3d. ed. 2004) *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ("the demand is not itself a part of the plaintiff's claim"); *Rank v. Krug,* 90 F.Supp. 773, 784 (S.D.Cal. 1950) ("the prayer is no part of the plaintiffs' cause of action").  Whether Plaintiffs' Sixth Claim states a claim should be assessed by considering Plaintiffs' allegations stating a claim for relief and not on the basis of language used in the demand for judgment. *See Id.*  The difference between the demand for judgment stated in the Complaint and the Amended Complaint does not factor into the determination of whether Plaintiffs are able to state a claim in their Sixth Claim.  Therefore, the analysis and conclusion of that determination would be the same regardless of which complaint is considered.

Plaintiffs allege in the Sixth Claim that Defendants Schaefer and Zenger aided and abetted Defendant McDonald's in the commission of a tort. "Arizona recognizes aiding and abetting as embodied in Restatement §876(b), that a person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person." *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund,* 38 P.3d 12, 23 (Ariz. 2002) (en banc). Claims of aiding and abetting tortious conduct require proof of the following three elements: (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach. *Id.*

To satisfy the first element, that the primary tortfeasor must commit a tort, Plaintiffs herein identify Defendant McDonald's as the primary tortfeasor and Plaintiffs' First through Fifth Claims allege torts committed by such Defendant.

"Because aiding and abetting is a theory of secondary liability," the second element requires that "the party charged with the tort must have knowledge of the primary violation." *Id.* A showing of actual and complete knowledge of the primary tort is not necessary to hold a secondary tortfeasor liable under an aiding and abetting theory; instead, "such knowledge may be inferred from the circumstances." *Id.* Moreover, "'[t]he knowledge requirement can be met even though the [defendant] may not have known all the details of the primary fraud–the misrepresentations, omissions, and other fraudulent practices.'" *Id.* (*quoting Aetna Cas. & Sur. Co. v. Leahey Constr. Co., Inc.,* 219 F.3d 519, 536 (6th Cir. 2000)); *see also FDIC v. First Interstate Bank of Des Moines, N.A.,* 885 F.2d 423 (8th Cir. 1989) (bank can be held liable for aiding and abetting a customer who defrauded if bank has a "general awareness" of the customer's fraudulent scheme, notwithstanding fact that bank may not have had actual knowledge of the scheme or an intent to participate in the fraud). General awareness of a fraudulent scheme can be established through circumstantial evidence. *Wells Fargo Bank,* 38 P.3d at 26 (citing *FDIC,* 885 F.2d 423).

The third element  that the defendant render substantial aid to the primary tortfeasor "does not mean assistance that is necessary to commit the fraud....The test is whether the assistance makes it 'easier' for the violation to occur, not whether the assistance was necessary." *Wells Fargo Bank,* 38 P.3d at 28 (citations omitted).  The Arizona court has recognized that "substantial assistance by an aider and abettor, can take many forms, but means more than 'a little aid.'" *Id.* at 26.

The tort of aiding and abetting tortious conduct clearly contemplates the existence of a primary tortfeasor who is aided and abetted in the commission of the alleged tort by a secondary tortfeasor. *See Well's Fargo,* 38 P.3d at 23, 26 (stating that "aiding and abetting is a theory of secondary liability" and referring to aider and abettor as the "secondary tortfeasor")  Defendants argue that "[w]hen an employee is acting on behalf of the corporation he is the corporation under Arizona law."  (TR. 32) Therefore, "a corporate employee acting within the scope of his authority can[not] aid and abet the corporation because there [is] only one actor, the corporation" and the tort of aiding and abetting requires a primary actor and a separate secondary actor who is the aider and abettor. (Id.)  However, Plaintiffs argue that corporate officers are independently liable for their tortious conduct even though they act for the corporation.

"Generally, 'a corporate executive will not be held vicariously liable, merely by virtue of his office, for the torts of his corporation.'...Personal liability must be founded upon specific acts by the individual director or officer." *United States v. ACB Sales & Serv., Inc.,* 590 F.Supp. 561, 573 (D.Ariz. 1984) (quoting  *Murphy Tugboat Co., Ltd. v. Shipowners & Merchants Towboat Co., Ltd.,* 467 F.Supp. 841, 852 (N.D. Cal. 1979) *aff'd,* 658 F.2d 1256, 1257 (9th Cir. 1981)).

> Moreover, while corporate officers and directors are generally shielded from liability for acts done in good faith on behalf of the corporation, their status does not shield them from personal liability to those harmed as a result of intentionally harmful or fraudulent conduct.  19 *C.J.S.* § 537 (1990) ("A corporate officer...is personally liable for his wrongful deeds, even though he acts in his capacity as a corporate officer.") *id.* § 546(a) ("Directors or officers of a corporation are liable for their fraudulent acts to persons injured

> thereby."); 18B *Am.Jur.2d Corporations* § 1882 (1985) ("[I]t is clearly established that a director or officer of a corporation is individually liable for fraudulent acts or false representations of his own or in which he participates, even though his action in such respect may be in furtherance of the corporate business."); *accord Bischofshausen, Vasbinder, & Luckie v. D.W. Jaquays Mining & Equip. Contractors Co.,* 145 Ariz. 204, 210-11, 700 P.2d 902, 908-09 (App. 1985). "A contrary rule would enable a director or officer of a corporation to perpetrate flagrant injuries and escape liability...."  18B *Am.Jur.2d Corporations* § 1877. The corporate shield should not be used to protect those who employ corporate power to serve their own ends.

*Albers v. Edelson Technology Partners, L.P.,* 31 P.3d 821, 826 (Ariz. App. 2001); *see also* William Mead Fletcher*, 3A *Fletcher Cyclopedia of Corporations,* § 1135 (2005 cumulative supplement) ("Corporate officers are liable for their torts, although committed when acting officially, even though the acts were performed for the benefit of the corporation and without profit to the officer personally.")

However, the question here is not whether Defendants Schaefer and Zenger can be liable for their own tortious conduct. The issue is whether a tort claim can be stated against corporate employees for aiding and abetting their employer in the commission of a tort. If Plaintiffs state a claim against Defendants Schaefer and Zenger for aiding and abetting Defendant McDonald's in the commission of a tort, then Defendants Schaefer and Zenger could be subject to liability for their conduct. *See Id.*

It is well-settled in the context of claims of tortious interference with contract that "[w]here an officer is acting on behalf of the corporation, he is for all practical purposes 'the corporation'" unless the employee's actions are "so contrary to the principal's interests that his actions could only have been motivated by personal interests." *Southern Union Co. v. Southwest Gas Corp.,* 165 F.Supp.2d 1010, 1038 (D.Ariz. 2001) . Similarly, in the context of a claim for damages arising from a civil conspiracy, "[i]t has been held that agents and employees of a corporation cannot conspire with their corporate principal or employer when acting in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Perry v. Apache Junction Elem. School Dist. #43 Board of Trustees,* 514 P.2d 514 (Ariz. App. 1973) (citation omitted) (dismissing claim against school board

members and superintendent because they acted on behalf of board and not for their individual benefit). *See also* William Mead Fletcher, 2 *Fletcher Cyclopedia of Corporations* § 279 (2005 cumulative supplement) ("Under the intracorporate conspiracy doctrine, a corporation cannot conspire with an agent when that agent is acting within the scope of his or her authority. Accordingly, a corporate official can conspire with a corporation only if he or she is acting in his or her individual capacity.")

The conclusion that officers acting in their official capacity cannot conspire with the corporation has been premised on the rationale that:

> [a]n abstract entity can only act through its officers, so that a conspiracy between the officers and the entity is like a dance with one's own shadow. The exception is if the officers are acting "outside the course and scope of their employment," in which case they are no longer representing the employer entity. *Heffernan v. Hunter,* 189 F.3d 405, 412 (3d Cir. 1999). The same principles suggest that officers acting within the scope of their employment cannot conspire together. If Agent A and Agent B both act together to employ power that they wield only as a result of their service to Principal A, there is, in truth, only one actor, Principal A...officers cannot conspire together unless they have the power to carry out the purposes of the conspiracy when acting outside the scope of their employment.

*Sunkett v. Misci,* 183 F.Supp.2d 691, 722 (D.N.J. 2002).

Although Plaintiffs state that "an officer, director, employee and/or agent can be held liable for aiding and abetting" (Plaintiffs' Reply in Support of Motion to Remand, p.10; Plaintiffs' Objection to Defendants' First Motion to Dismiss, p. 11; Plaintiffs' Objection to Defendants' Second Motion to Dismiss, p.10) none of the cases cited for this premise involved claims that employees aided and abetted their employer. *See e.g., Smith v. Arthur Andersen,* 175 F.Supp.2d 1180 (D.Ariz. 2001)(alleged that defendant directors were aided and abetted by defendant underwriters); *Forum Financial Group v. President and Fellows of Harvard College,* 173 F.Supp.2d 72 (D.Me. 2001)(alleged that defendant employee was aided and abetted by supervisor who had a personal economic interest in the transaction and there was no allegation that the employees were aiding and abetting their employer or that their employer was the primary tortfeasor); *Sunkett,* 183 F.Supp. 2d. 691 (inapposite because employees' liability for aiding and abetting employer's discriminatory conduct was statutorily

- 14 -

prescribed and court further  held that employees could not conspire with corporation); *Griffith v. Faltz,* 785 P.2d 119 (Ariz. App. 1990) (did not involve aiding and abetting claim nor employer/employee relationship).

Here, Plaintiffs' allegations at best indicate that Defendants Schaefer and Zenger acted within the scope of their employment in furtherance of their employer's–the primary tortfeasor's– alleged tortious conduct. Where the primary tortfeasor can only act through its officers and employees, Defendants Schaefer's and Zenger's conduct cannot be separated from McDonald's alleged conduct.  Under the circumstances presented in the instant case the only tortfeasor is the Defendant corporation.  Defendant McDonald's cannot aid and abet itself anymore than it could interfere with its own contracts or conspire with itself. Therefore, based on the allegations of record, Plaintiffs have failed to state a claim against both Defendants Schaefer and Zenger in the Sixth Claim for Relief.

Plaintiffs having failed to state a claim against Defendant Schaefer, his presence should be disregarded for removal purposes and Plaintiffs' Motion to Remand should be denied. *See Lewis,* 83 F.R.D. at 466 ("disregarding [presence of non-diverse defendant] for removal purposes"); *McCabe*, 811 F.2d at 1338 ("the district court ruled to eliminate...[the non-diverse defendants] as fraudulently-joined defendants.")

II.      Plaintiffs' Motion for Leave to Amend Complaint

On January 26, 2005, Plaintiffs filed a Motion for Leave to Amend Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  Because only Defendant McDonald's has filed an answer, Plaintiffs contend that they may amend the Complaint as a matter of right regarding Defendants Schaefer and Zenger. Accordingly, Plaintiffs seek leave to amend with regard to Defendant McDonald's only.

Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

A.    Amendment regarding Defendant McDonald's

Plaintiffs seek to amend the Fifth Claim for Relief by deleting reference to Defendants Schaefer and Zenger and inserting McDonald's in their stead.   Additionally, Plaintiffs seek to amend the Sixth Claim for Relief by deleting reference to Defendant McDonald's in the demand for judgment.   Plaintiffs state that their mistake in naming the proper defendants in the Fifth and Sixth Claims was the result of  "scribner [sic] errors."  (Plaintiffs' Motion for Leave to Amend Complaint, p. 1)

Defendant McDonald's has answered the Complaint.  Where a defendant has answered the complaint, Rule 15(a) provides that leave to amend shall be freely given and the United States Supreme Court has stressed that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may  be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Id.*    However, leave to amend may be denied in circumstances of undue prejudice, bad faith, futility of amendment, failure to cure deficiencies by amendments previously allowed, and prejudice to the opposing party.  *Id.*; *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973).  Whether to grant or deny a request to amend the complaint is a matter within the Court's discretion.  *Foman,*  371 U.S. at 182.

The record reflects that Plaintiffs immediately moved to amend their complaint once they were made aware of the scrivener's errors.  Further, McDonald's has cited no prejudice or bad faith resulting from the amendment.  Accordingly, Plaintiffs' Motion for Leave to Amend Complaint should be granted with regard to Defendant McDonald's.

B.    Amendment regarding Defendant Zenger

Because Defendant Zenger has not answered the Complaint, Rule 15(a) permits Plaintiffs to amend their Complaint as of right with regard to this Defendant. *See Crum v. Circus Circus Ent.,* 231 F.3d 1129, 1132 n.3 (9th Cir. 2000) ("A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15.") Accordingly,  the Magistrate Judge

recommends that the District Court deem the FAC filed as of right pursuant to Rule 15(a) regarding Defendant Zenger.

      C.      <u>Amendment Regarding Defendant Schaefer</u>

Plaintiffs contend that they may amend as of right under Rule 15(a) regarding Defendant Schaefer because he has not yet answered the Complaint. Defendants argue that Plaintiffs' Motion for Leave to Amend Complaint as it relates to Defendant Schaefer is not governed by Rule 15(a), but is instead governed by 28 U.S.C. § 1447(e) which, in turn, supports denial of leave to amend.

Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Section 1447(e), "gives the Court the discretion to grant or deny an amendment of a complaint when subject matter jurisdiction is based on diversity, and the plaintiff seeks to amend the complaint by adding a non-diverse defendant." *Ascension Ent., v. Allied Signal,* 969 F.Supp. 359, 360 (M.D. La. 1997); *see also Newcombe v. Adolf Coors Co.,* 157 F.3d 686 (9th Cir. 1998) (section 1447(e) is couched in permissive language and it clearly gives the court discretion to deny joinder). Courts that have addressed the "apparent conflict between section 1447(e) and Rule 15(a)...have held that...a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." *Ascension,* 969 F.Supp. at 360 (citing Wright & Miller, *Federal Practice & Procedure,* §1477 at 562).

Further, the Ninth Circuit has considered section 1447(e) in combination with Fed.R.Civ.P. 19(a), which governs joinder of indispensable parties. *Yniques v. Cabral,* 985 F.2d 1031 (9th Cir. 1993), *disapproved on other grounds, McDowell v. Calderon,* 197 F.3d 1253 (9th Cir. 1999); *see also Newcombe,* 157 F.3d at 691 (affirming denial of leave to amend under section 1447(e) where the district court "considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.")

- 17 -

Defendants rely on cases where courts applied section 1447(e) to diversity-defeating amendments when the plaintiff sought to add a defendant who was not a named party to the action  when the action  was removed.  (*See* Defendants' Response to Plaintiffs' Motion for Leave to Amend, p.4 citing *Newcombe,* 157 F.3d at 691; *Peralta Cmty. Coll. Dist. v. United Nat'l. Ins. Co.,* 2004 WL 2254621 (N.D. Cal. 2004)).  Additionally, the Ninth Circuit, without citing Rule 15(a) or section 1447(e), has affirmed the denial of amendment to state a claim against non-diverse defendants whose presence was previously "eliminated" from the action on grounds of fraudulent joinder.  *McCabe,* 811 F.2d at 1340.

Unlike *McCabe*, Defendant Schaefer's presence had not been disregarded for purposes of removal jurisdiction when Plaintiffs herein filed their FAC.  Because this action was pending against Defendant Schaefer when Plaintiffs filed their FAC, Plaintiffs are not "seek[ing] to join *additional* defendants whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e) (emphasis added) Moreover, because Plaintiffs are unable to state a claim against Defendant Schaefer with their FAC, *see* discussion *supra* pp.10-15, such amendment would not destroy diversity jurisdiction. Therefore, in light of the instant record, the Magistrate Judge recommends that the District Court deem the FAC filed as of right pursuant to Rule 15(a) regarding Defendant Schaefer.[6]

III.    Defendants Schaefer and Zenger's  First and Second Motions to Dismiss

Given the instant recommendation that the District Court grant Plaintiffs' Motion for Leave to Amend Complaint, the Magistrate Judge recommends that the District Court deny as moot Defendants' First Motion to Dismiss, which addresses the Complaint.  Further, because Plaintiffs are unable to state a claim in their FAC against Defendants Schaefer and Zenger, *see* discussion *supra* pp. 10-15, Defendants' Second Motion to Dismiss should be

---

[6]Whether Plaintiffs are able to amend their Complaint as of right or whether section 1447(e) applies instead to defeat amendment is of minor importance given that Plaintiffs are unable to state a claim against Defendants Schaefer and Zenger in either the Complaint or the FAC.  *See* discussion *supra* pp. 10-15.

granted to the extent that they seek dismissal of the Sixth Claim  and should be denied as moot to the extent that Defendants alternatively seek summary judgment.

IV.    Defendant McDonald's Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial

Defendant McDonald's seeks to strike Plaintiffs' Jury Demand arguing that it is untimely under Rule 38 of the Federal Rules of Civil Procedure.[7]

Rule 38 of the Federal Rules of Civil Procedure provides in pertinent part:

(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) *Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue,* and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party.
* * *
(d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

F.R.Civ.P. 38 (emphasis added).  "Although the right to a jury trial is a constitutional one, the Federal Rules of Civil Procedure, which set out time limits for invoking this right, are authoritative."  *Chandler Supply Co. v. GAF Corp.,* 650 F.2d 983, 987 (9th Cir. 1980).  The Ninth Circuit has recognized that "Federal Rule of Civil Procedure 38 is assigned the daunting task of striking [the] balance [of] preserving the right to trial by jury while adapting it to the complexities of modern litigation."  *Bentler v. Bank of America,* 959 F.2d 138, 139 (9th Cir. 1992).

---

[7]The Motion to Strike Plaintiffs' Demand for Jury Trial was initially filed by all three Defendants.  Defendants based their arguments on Rule 38 governing the filing of a jury demand and Rule 81(c) addressing the filing of a jury demand in a removed action where all necessary pleadings were filed at the time of removal.  On June 30, 2005, Defendants Schaefer and Zenger filed their Notice of Withdrawal of Motion to Strike Jury Demand.  Additionally, Defendant McDonald's notified the Court that it withdrew its argument based on Rule 81(c) and instead relies solely on Rule 38 to support its Motion.

When Defendants removed this action on January 4, 2005, Plaintiffs had not yet requested a jury trial and none of the Defendants had filed an answer.  On January 11, 2005, Defendant McDonald's filed its Answer with this Court addressing all six claims for relief alleged in the Complaint.  Also on January 11, 2005, Defendants Schaefer and Zenger filed their First Motion to Dismiss.  To date, Defendants Schaefer and Zenger have not filed an answer.  *See* F.R.Civ.P. 12 (filing of motion to dismiss  extends due date for responsive pleading); F.R.Civ.P. 7(a) (defining pleadings).

On March 31, 2005, Plaintiffs filed their "Rule 38 Demand for Jury Trial." Defendants argue that the demand is untimely under Rule 38(b) because Plaintiffs' jury demand was filed more than ten days after Defendant McDonald's filed its Answer to the Complaint.

If Plaintiffs were required under Rule 38 to file a jury demand within ten days after Defendant McDonald's filed its January 11, 2005 Answer, then Plaintiffs' March 31, 2005 demand would be untimely.[8]  Moreover, the determination made as part of the instant Report and Recommendation that Defendants Schaefer and Zenger should be dismissed does not alter the Rule 38(b) analysis.   The Ninth Circuit held that the Rule 38(b) time computation was not altered by the subsequent dismissal on summary judgment of a party whose answer had rendered the jury demand timely.  *Bentler*, 959 F.2d at 141-142.  The *Bentler* court stressed that the timeliness of a Rule 38 demand for a jury trial must not be based on "events unknown and unknowable to the parties," such as the subsequent dismissal of a party.  *Id.*

The Ninth Circuit has held that when multiple "defendants are jointly liable on a cause of action that contains 'any issue triable of right by a jury' a jury demand as to that issue is

---

[8]The submission of Plaintiffs' FAC does not affect the Rule 38 time calculation because Plaintiffs do not allege new factual issues therein. *Lutz v. Glendale Union High School,* 403 F.3d 1061, 1066 (9th Cir. 2005); *see also* (Plaintiffs' Objection to Motion to Strike Rule 38 Demand for Trial by Jury, pp. 8-9 (acknowledging that FAC adopted same facts as alleged in the Complaint)).

timely if served within ten days after service of the last defendant's answer." *Id.* at 141. Relying on *Bentler,* Plaintiffs contend that where there are multiple defendants and the complaint presents an issue of fact common to all the defendants, the jury demand is not due until ten days after the filing of the last pleading directed to that common issue. (Plaintiffs' Objection to Motion to Strike Rule 38 Demand for Trial by Jury, pp. 3-4, 7-9(citing *Bentler,* 959 F.2d at 141)). According to Plaintiffs, the first element of the aiding and abetting claim alleged against Defendants Schaefer and Zenger, i.e., that Defendant McDonald's engaged in tortious conduct, "inherently involves the facts alleged within the first five claims for relief" against McDonald's. (Id. at p.4). Therefore, Defendant McDonald's Answer did not constitute the last pleading directed to the issues common to all the parties.

Defendant McDonald's argues that *Bentler* is limited to cases involving jointly liable defendants; that Defendants "Schaefer and Zenger are not jointly and severally liable with McDonald's" regarding the tortious conduct alleged against Defendant McDonald's; and therefore Plaintiffs' reliance on *Bentler* is misplaced. (Defendants' Reply in Support of Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial, p.4).

While it is true that Defendant McDonald's and Defendants Schaefer and Zenger are not jointly liable on the First through Fifth Claims, the same conclusion is not necessarily true when considering the Sixth Claim. *See Herstam v. Deloitte & Touche, LLP,* 919 P.2d 1381, 1385 (Ariz. App. 1996) ("Under the common law doctrine of joint and several liability, if two or more actors together caused an injury to the victim, each was liable for the full amount of the victim's injuries."(citations omitted)); ARS § 12-2506(D). Although Arizona virtually abolished joint and several liability in 1987, Arizona Revised Statute "[s]ection 12-2506(D) retains the doctrine of joint liability for persons acting in concert and further provides that a principal is responsible for the acts of the agent."[9] *Id.* Consequently, when

_____

[9]ARS §12-2506(D) provides in pertinent part:

D.     The liability of each defendant is several only and is not joint, except that a

Plaintiffs herein, like *Bentler,* filed their demand for jury trial the instant action involved allegations of joint liability under Arizona law.  Under this analysis the named Defendants would be subject to joint liability on the Sixth Claim only.  The question here is whether Plaintiffs' March 31, 2005 jury demand preserved their right to a jury trial on the counts alleged solely against Defendant McDonald's given that the parties are not jointly liable on those claims.

*Bentler* applied Rule 38(b) "to determine precisely where [the] balance" between the right to a jury trial and Rule 38(b)'s time limitation "lies when a plaintiff is suing jointly liable defendants" and found a jury demand regarding an issue common to all the defendants is timely "if served within ten days after service of the last defendant's answer." *Bentler,* 959 F.2d at 139, 141.   The *Bentler* court recognized that: "'Issue' as used in Rule 38(b), means an issue of fact." *Bentler,* 929 F.2d at 141.   The issue of fact upon which a demand may be made for a trier of fact, i.e., a jury, "is not fully developed until *all* parties have denied, admitted or claimed a lack of knowledge as to allegations relating thereto." *Id.* (citing *Trixler Brokerage Co. v. Ralston Purina, Co*., 505 F.2d 1045, 1050 (9th Cir. 1974)).  Additionally, the Ninth Circuit has been careful to distinguish the word "issue"  as used in Rule 38(b) from the plaintiff's theory of recovery: "The theory of a case relates to the ultimate basis of liability rather than to an issue created by the pleadings...the use of the word issue, in these circumstances would imply the exclusion of the word theory." *Trixler,* 505 F.2d at 1050.

---

party is responsible for the fault of another person, or for payment of the proportionate share of another person, if any of the following applies:

1. Both the party and the other person were acting in concert.

2. The other person was acting as an agent or servant of the party.

Moreover, *Bentler* does not expressly limit the instances in which common issues under Rule 38 may occur though most often the occurrence of common issues among multiple parties has been in cases of jointly liable defendants.  Commentators cite *Bentler* for the premise that when multiple defendants are interested in a common issue, "the time [for filing a jury demand] runs from service of the last answer."  9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure,* §2320 (2d ed. 1995 & 2005 Supp.); *see also* 8 James Moore, *Moore's Federal Practice*, §38.50[3][b][iii] (3d ed. 2005).  If *Bentler's* rule applied only to joint liability cases, as Defendant McDonald's argues, then the determination whether a party has waived its right to a jury trial would turn on a distinction based solely on a theory of liability.  Such a result is inconsistent with the use of the word "issue" as used in Rule 38(b).  Instead, as the Ninth Circuit has stated repeatedly, "Rule 38(b) is concerned with issues of *fact*."  *Lutz*, 403 F.3d at 1066 ((emphasis in original)); *Bentler*, 959 F.2d at 139 ("'Issue' as used in Rule 38(b), means an issue of fact"); *Trixler*, 505 F.2d at 1050 ("When read in context, the word issue must have been intended by the Supreme Court to mean nothing other than an issue of fact.)

Here, the record is clear that the factual issues necessary to establish the first element of Plaintiffs' aiding and abetting claim against Defendants Schaefer and Zenger necessarily involve the same facts alleged against Defendant McDonald's in the balance of Plaintiffs' Complaint.  Accordingly,  the last pleading directed to an issue in which all the parties are interested, i.e., whether Defendant McDonald's engaged in tortious conduct, would be Defendants Schaefer and Zenger's Answer, which had not been served when Plaintiffs filed their demand for jury trial.  In light of the Ninth Circuit authority discussed above, the record supports the conclusion that Plaintiffs' filing is timely under Rule 38(b).  Accordingly, for the foregoing reasons, Defendant McDonald's Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial should be denied.

V.      Plaintiffs' Motion for Rule 11 Sanctions

Plaintiffs move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure regarding the following documents filed by Defendants: (1) Defendants' Response to Plaintiffs' Motion for Leave to Amend Complaint; (2) Defendants' Motion to Strike Plaintiffs' Rule 38 Jury Demand for Jury Trial; and (3) Defendants' Reply in Support of Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial.   Plaintiffs contend that Defendants filed the documents for the purpose of increasing Plaintiffs' fees and costs and to cause delay.  Plaintiffs also contend that Defendants raised irrelevant arguments.

Rule 11 sanctions may be imposed when: (1) a motion or other paper is filed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the legal contentions advanced are unwarranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law; (3) the factual contentions have no evidentiary support; or (4) the denial of factual contentions are unwarranted on the evidence.  *See* Fed.R.Civ.P. 11(b)(1)-(4).  "The standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose....If judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then sanctions should not be imposed."  *Conn v. Borjorquez,* 967 F.2d 1418, (9th Cir. 1992).   The Ninth Circuit has recognized that although Rule 11 addresses

> litigation tactics so vexatious as to be unjustifiable even within the broad bounds of our adversarial system...both the Rule itself and our application of the Rule recognize that our system of litigation is an adversary one, and that presenting the facts and law as favorably as fairly possible in favor of one's client is the nub of the lawyer's task.  Judges, therefore should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients.

*United Nat'l. Insur. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1115 (9th Cir. 2001).

The Magistrate Judge has reviewed Defendants' Response to Plaintiffs' Motion for Leave to Amend Complaint; Defendants' Motion to Strike Plaintiffs' Rule 38 Demand for

Jury Trial;  Defendants' Reply in Support of Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial; and the law cited and the factual contentions advanced in support of same.   The Magistrate Judge has also reviewed  Defendants Schaefer and Zenger's Notice of Withdrawal of Motion to Strike Jury Demand which includes withdrawal of Defendants' argument based on Rule 81(c),  *see*  discussion  *supra,*  p.19 n.7.  Within the instant  Report and Recommendation, the Magistrate Judge has discussed the merits of the arguments advanced by Defendants in the above-referenced documents. Although,  Defendants do not prevail on the merits of those arguments, review of the entire record indicates that there was an objectively reasonable basis for filing the documents; that Defendants advanced nonfrivolous legal contentions;  and that Defendants' documents were not lacking factual foundation nor were their denial of factual contentions unwarranted.   Instead, the record reflects that Defendants' counsel "...present[ed] the facts and law as favorably as fairly possible in favor of [his] client[s]...."  *United Nat'l. Insur. Co.,* 242 F.3d at 1115.  Because the record does not present conduct warranting Rule 11 sanctions, Plaintiffs' Motion seeking such sanctions should be denied.

## CONCLUSION

For the foregoing reasons,  the Magistrate Judge recommends  that the District Court, after its independent review:

(1)     deny Plaintiffs' Motion to Remand (Doc. No. 12);

(2)     grant Plaintiffs' Motion for Leave to Amend Complaint (Doc. No. 9);

(3)     grant Defendants Schaefer and Zenger's Second Motion to Dismiss the Sixth Claim for Relief in the First Amended Complaint, and deny as moot Defendants' alternative Motion for Summary Judgment (Doc. No. 20);

(4)     deny as moot Defendants Schaefer and Zenger's First Motion to Dismiss the Complaint, or in the alternative, Motion for Summary Judgment (Doc. No. 3);

(5)     deny Defendants' Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial (Doc. No. 36);

and

(6)    deny Plaintiffs' Motion for Rule 11 Sanctions (Doc. No. 48).

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  If objections are filed, the parties should use the following case number: CIV 05-004-TUC-FRZ.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 11th day of January, 2006.

_____

Héctor C. Estrada
United States Magistrate Judge