IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James W. Garrett; Bonita L. Garrett; James W. Garrett Trust and Bonita L. Garrett Trust,

Plaintiffs,

v.

McDonald's Corporation, a Delaware corporation; Bernie Schaefer, an individual; Sarah Zenger, an individual; et al.,

Defendants.

No. CV 05-004-TUC-FRZ (HCE)

**ORDER**

This action commenced in federal court pursuant to the Notice of Removal filed January 4, 2005.

The original complaint filed in state court sets forth six claims for relief as follows: (I) tortious breach of the duty of good faith and fair dealing; (II) negligent misrepresentation; (III) fraud by concealment/deceit; (IV) fraud by misrepresentation; (V) breach of fiduciary duty/constructive fraud; and (VI) aiding and abetting the commission of a tort.

Before the Court for consideration are (I) Defendants Bernie Schaefer's and Sarah Zenger's Motion to Dismiss the Complaint, or in the Alternative, Motion for Summary Judgment; (II) Plaintiffs' Motion for Leave to Amend Complaint; (III) Plaintiffs' Motion to Remand; (IV) Defendants Bernie Schaefer's and Sarah Zenger's Motion to Dismiss the Sixth Claim for Relief in the First Amended

Complaint, or in the Alternative, Motion for Summary Judgment; (V) Defendants' Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial; and (VI) Plaintiffs' Motion for Rule 11 Sanctions.

This matter was referred to the United States Magistrate Judge for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2, Rules of Practice of the United States District Court for the District of Arizona.

Magistrate Judge Hector C. Estrada issued his Report and Recommendation, filed January 12, 2006, which includes a thorough factual and procedural history of this action and provides a legal analysis and discussion of each matter at issue.

It is the recommendation of Magistrate Judge Estrada that the Court, after its independent review, grant Plaintiffs' Motion for Leave to Amend Complaint and Defendants Bernie Schaefer's and Sarah Zenger's Motion to Dismiss the Sixth Claim for Relief in the First Amended Complaint. Magistrate Judge Estrada further recommends that the Court deny Defendants Bernie Schaefer's and Sarah Zenger's Motion to Dismiss the Complaint, or in the Alternative, Motion for Summary Judgment; Plaintiffs' Motion to Remand, Defendants' Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial, and Plaintiffs' Motion for Rule 11 Sanctions.

Plaintiffs filed objections to the Report and Recommendation to which the Defendants filed a response.

After carefully considering the Report and Recommendation, Plaintiffs' objections, Defendants' response and Plaintiffs' reply thereto, the Court shall adopt the Report and Recommendation of the Magistrate Judge, with further clarification in regard to the issue of secondary liability as it pertains to the claim for aiding and abetting.

Plaintiffs argue that Arizona recognizes a broad type of secondary liability for corporate officers including "participation, knowledge amounting to acquiescence, or negligent management and supervision." *Keams v. Tempe Technical Institue, Inc.*, 993 F.Supp. 714, 725 (D.Ariz. 1997) (*citing Jabczenski v. Southern pacific Memorial Hospitals Inc.*, 119 Ariz. 15 (Ariz. App. Div. 1978); *see also Southern Union Company v. Southwest Gas. Corp.*, 180 F.Supp.2d 1021, 1058 (D.Ariz. 2002).

The Arizona Supreme Court in *Jabczenski*, however, did not address aiding and abetting, but instead addressed a narrow set of circumstances where a corporate officer is liable for his vote to convert another's property. 119 Ariz. at 20. Moreover, the court in *Jabczenski* did not require "knowledge," whereas "aiding and abetting liability is based on proof of a scienter ... the defendants must know that the conduct they are aiding and abetting is a tort." *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 825, 38 P.3d 12, 23 (2002)(citations omitted).

Aiding and abetting liability requires a showing that:

> (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievements of the breach.

*Id*.. 474, 826, 38 P.3d 12, 23 (2002)(citations omitted).

Arizona also recognizes secondary liability in interference with contracts and business relationships. Secondary liability for the corporate agent involving interference is based on an act or acts so contrary to a principal's interests "that [the individual agent's] actions could only have been motivated by personal interests." *Southern Union Company v. Southwest Gas Corp.*, 165 F.Supp.2d 1010, 1038 (D.Ariz. 2001).

Plaintiffs have not alleged that the individual Defendants were motivated by personal interests and the narrow exception set forth in *Jabczenski* does not apply to the facts at issue in this case now before the Court. Moreover, there is no authority to support a finding that an agent or employee can be held liable for aiding and abetting. Accordingly, the recommendation to dismiss Plaintiffs' sixth claim alleging aiding and abetting the commission of a tort is further substantiated.

Based on the foregoing,

The Court, having made an independent review of the record herein, orders as follows:

**IT IS ORDERED** that Magistrate Judge Estrada’s Report and Recommendation [Doc. No. 67] is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** that Defendants Schaefer and Zenger's Second Motion to Dismiss the Sixth Claim for Relief in the First Amended Complaint [Doc. No. 20-1] is **GRANTED** and Defendants' Alternative Motion for Summary Judgment [Doc. No. 20-2] is **DENIED** as moot;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint [Doc. No. 9] is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 12] is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Schaefer and Zenger's First Motion to Dismiss the Complaint, or in the alternative, Motion for Summary Judgment [Doc. No. 3] is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Rule 38 Demand for Jury Trial [Doc. No. 36] is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Rule 11 Sanctions [Doc. No. 48] is **DENIED**;

**IT IS FURTHER ORDERED** that this matter shall remain referred to Magistrate Judge for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2.

DATED this 28th day of March, 2006.

FRANK R. ZAPATA
United States District Judge